NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2753
_____

UNITED STATES OF AMERICA

v.

TODD SUMMERS,
                              Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 2-10-cr-00103-001
District Judge: The Honorable David S. Cercone

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 12, 2014

Before: McKEE, *Chief Judge*, SMITH, and SHWARTZ, *Circuit Judges*

(Filed:  December 10, 2014)
_____

OPINION*
_____


SMITH, *Circuit Judge.*

_____

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

Todd Summers appeals from his conviction for conspiracy to distribute and to possess with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 846 and from the sentence of 132 months of imprisonment. For the reasons set forth below, we will affirm.[1]

The trial testimony established that Vernon Williams was the leader of a heroin conspiracy in the greater Pittsburgh metropolitan area, who worked closely with Snowley Brooks and others to supply his dealers. From 2008 to February of 2010, Brooks supplied Summers' increasing demand for bricks of heroin. After agents from the Drug Enforcement Administration (DEA) contacted Williams in February 2010, the scheme unraveled. Williams and Brooks both testified at Summers' trial, as did DEA Agent Scott M. Smith (Agent Smith).

Summers contends that the District Court erred by allowing Agent Smith to provide an overview of the prosecution's case. In addition, Summers asserts that Agent Smith testified as both an expert and a fact witness and that his expert testimony should not have been admitted. We review a District Court's evidentiary rulings for an abuse of discretion. *United States v. Green*, 617 F.3d 233, 239 (3d Cir. 2010). Because Summers did not object to these aspects of Agent Smith's testimony, we review for plain error. Fed. R. Crim. P. 52(b);

---

[1] The District Court exercised jurisdiction under 18 U.S.C. § 3231. Appellate jurisdiction exists pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

2

*United States v. Olano*, 507 U.S. 725, 733-35 (1993). As Agent Smith's testimony concerned facts about the investigation with which he was personally familiar or which were corroborated by other witnesses, any error was not plain.

According to Summers, the District Court also erred by allowing the introduction of photographs of the heroin bricks and drug paraphernalia. In Summers' view, this evidence should have been excluded under Federal Rule of Evidence 403 because it was more prejudicial than probative. This alleged error is also subject to review for an abuse of discretion. *Green*, 617 F.3d at 251. There was no abuse of discretion. The evidence was relevant to the quantity of heroin at issue and any prejudice attributable thereto was not unfair.

Summers also challenges the sufficiency of the evidence with regard to the one kilogram or more quantity of heroin. We review "the sufficiency of the evidence in the light most favorable to the government and must credit all available inferences in favor of the government." *United States v. Riddick*, 156 F.3d 505, 509 (3d Cir. 1998). The evidence established that Summers regularly purchased bricks of heroin several times a week and that he demanded more and more heroin to distribute the longer he was a member of the conspiracy. Mindful that Summers was convicted of a § 846 conspiracy, as opposed to a charge of possession with intent to distribute or distribution under § 841(a)(1) and hence was responsible for

not only what he personally obtained for distribution, we conclude that the evidence was sufficient and the judgment need not be set aside.[2]

Summers' next contention is that the District Court erred in denying Summers' motion for a bill of particulars, which he filed 20 months after the return of the indictment. Summers alleges that, because he did not have a bill of particulars, he was unprepared for the prosecution's argument that his purchases from Brooks alone exceeded one kilogram of heroin. We review for abuse of discretion. *United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2005). The District Court's denial of this motion was not an abuse of discretion. The indictment specifically apprised Summers of the quantity at issue. Moreover, Summers' access to discovery prior to filing the motion provided ample information to allow Summers to prepare an effective trial strategy. *Id.* at 772.

Summers complains about the lack of specificity in the indictment and asserts that this allowed the government to prove its case with evidence that varied from the indictment. Even if there was a variance (and Summers failed to provide us with sufficient citations to the record to show there was), we are not persuaded that it was prejudicial. Summers was cognizant of the charge against him and had

---

[2] As there was sufficient evidence that Summers knowingly joined the conspiracy and hence was responsible for the drugs attributed to his co-conspirators and law enforcement officers recovered more than one kilogram of heroin from Williams alone, any error from the admission of Agent Smith's testimony regarding the quantity of drugs personally attributable to Summers was harmless.

sufficient information to prepare his defense. *See United States v. Vosburgh*, 602 F.3d 512, 532 (3d Cir. 2010) (observing that a defendant cannot demonstrate prejudice from a variance if he was informed of the charges against him and able to prepare his defense without being misled or surprised at trial).

Summers also cites as error the District Court's decision not to allow DEA reports which were admitted into evidence to go out with the jury during its deliberations. We review this ruling for an abuse of discretion. *United States v. Schanerman*, 150 F.2d 941, 945 (3d Cir. 1945) (observing that trial judge's decision allowing exhibits and indictment to go out with the jury during their deliberations is a matter that "fell within his sound discretion"). We fail to see any abuse of discretion. The Court explained that the jury had heard the testimony of law enforcement agents and the Court did not want the jury to give "undue weight" to any information contained in the reports.

Because we consider only plain errors and errors that were preserved for appellate review when reviewing for cumulative error, we need not address Summers' cumulative error claim. *United States v. Christian*, 673 F.3d 702, 708 (7th Cir. 2012).

Finally, we consider Summers' argument that the District Court erred in calculating the applicable Sentencing Guideline range. He submits that the Court erred by assigning him responsibility for at least one kilogram of heroin, resulting

5

in an offense level of 32. Inasmuch as we have concluded there was sufficient evidence to support Summers' § 846 conspiracy involving one kilogram or more of heroin, it follows that the District Court did not err by concluding that Summers' base offense level was 32.